**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Todd E. FISCH, Defendant–Appellant.**

No. 88–5098.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 31, 1988.

Decided Dec. 21, 1988.

Leon W. Weidman, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Fred A. Schwartz, and Alvin E. Entin, Entin, Schwartz, Margules & Schwartz, Miami, Fla., for defendant-appellant.

Before WRIGHT, NORRIS and WIGGINS, Circuit Judges.

PER CURIAM:

Appellant Todd Fisch (Fisch) appeals the district court's judgment and sentence following his plea of guilty to charges of fraud and conspiring to defraud the United States. Fisch contends that the government breached their plea agreement. We agree and, accordingly, vacate the sentence and remand to the district court for resentencing.

The plea agreement between Fisch and the government obligated the government to inform the sentencing court of all Fisch's cooperation with authorities. At sentencing, Fisch's attorney referred generally to several acts of cooperation by Fisch. The prosecutor did not directly respond to this recitation, but acknowledged that Fisch "ha[d] been cooperating in helping prosecute the coconspirators...."

We review de novo Fisch's claim that the government breached the plea agreement at sentencing. *See United States v. Travis*, 735 F.2d 1129, 1132 (9th Cir.1984). The Supreme Court and this court have unequivocally held that prosecuting attorneys must keep promises made in plea agreements. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971); *Travis*, 735 F.2d at 1132; *United States v. Garcia*, 519 F.2d 1343, 1345 (9th Cir.1975). The government argues that this case is similar to *United States v. Benchimol*, 471 U.S. 453, 105 S.Ct. 2103, 85 L.Ed.2d 462 (1985) (per curiam). The issue here, however, is not whether the prosecutor enthusiastically disclosed Fisch's cooperation, but whether the prosecutor disclosed all cooperation.

The prosecutor's bare statement that Fisch had cooperated did not fulfill the government's obligation under the terms of the plea agreement. The prosecutor did not adopt defense counsel's recitation of Fisch's conduct nor did the prosecutor supply any details about Fisch's cooperation.

"Where the government violates a plea agreement at sentencing, the usual remedy is a remand for resentencing." *Travis*, 735

F.2d at 1132. This case does not require a more extraordinary remedy. *See United States v. Griffin,* 816 F.2d 1, 5 (D.C.Cir. 1987); *United States v. Ramos,* 810 F.2d 308, 311–13 (1st Cir.1987); *United States v. Arnett,* 628 F.2d 1162, 1165 (9th Cir.1979).

We VACATE the sentence imposed by the district court and REMAND for resentencing, at which time the government should fulfill its obligation under the plea agreement.