942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerald BACAL, Defendant-Appellant.
 No. 90-50479.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1991.*
Decided Aug. 30, 1991.
 
 Before WALLACE, Chief Judge, GOODWIN and KOZINSKI, Circuit Judges.
 
 MEMORANDUM
 
 1
 Bacal appeals from the sentence imposed after he pled guilty to money laundering and distribution of cocaine, in violation of 18 U.S.C. § 1956(a)(1)(B) and 21 U.S.C. § 841(a)(1). He argues that the sentence must be set aside because the government violated the plea bargain, and because the district judge was biased. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 2
 Prior to sentencing, the parties filed a written plea agreement with the district court. This agreement stated that Bacal would plead guilty to a two-count information, and in return the government would make certain sentencing recommendations. Among other things, the government agreed not to request a sentence adjustment based on Bacal's role in the offense. Whether the prosecutor breached the plea agreement is an issue of law which we review de novo. United States v. Fisch, 863 F.2d 690 (9th Cir.1988).
 
 
 3
 Bacal claims that the prosecutor violated the plea agreement by recommending an adjustment based on Bacal's role in the offense. He points out that the presentence report (PSR) filed by the probation department recommended a two-point role adjustment. Arguing that some of the government's comments could be construed as endorsing the PSR, Bacal contends that the government implicitly recommended a role adjustment in violation of the plea agreement.
 
 
 4
 In support of this argument, Bacal points out that in the sentencing memorandum, the government requested that the court "depart below the guideline sentence calculated by the probation officer." In addition, at sentencing, the government asked the court to "look at the factors that the probation officer has calculated."
 
 
 5
 Considered in context, however, neither of these statements can be construed as a violation of the agreement. The first statement, made in the sentencing memorandum, was accompanied by a copy of the plea agreement which includes the agreed-upon Guidelines calculations. The government's explicit recommendations are sufficient to nullify any inferences that might arise from the quoted ambiguous statement. The second statement also does not constitute an endorsement of the the role adjustment. Immediately after requesting that the court consider the probation department's sentencing factors when setting the guidelines range, the government stated that "[a]s we said in our agreement, we're not going to ask for an upward enhancement for the role adjustment." Therefore, we reject Bacal's claim that the government violated the plea agreement by requesting an adjustment based on role in the offense.
 
 
 6
 Bacal also argues that the sentence should be vacated because the district judge was biased. The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986). The alleged bias must arise from an extrajudicial source and may not be based on information the judge learned from his participation in the case. Id.
 
 
 7
 Bacal bases his claim of bias on statements made by the district judge during sentencing. In essence, the judge stated that it was "distasteful" to him that Bacal, a major drug dealer, could receive a sentence adjustment from the government for turning in his friends and accomplices.
 
 
 8
 Bacal's argument fails because the statements do not demonstrate any extrajudicial bias, but merely reflect the judge's view about the defendant's conduct in the case. However, even assuming the comments reflect an "extrajudicial" view, a reasonable person would not find them evidence of bias. See United States v. Borrero-Isaza, 887 F.2d 1349, 1357 (9th Cir.1989) (judge's strong feelings about a particular crime do not automatically disqualify him from sentencing). Finally, there is no evidence that the alleged bias affected the judge's sentencing. See Hansen v. Commissioner, 820 F.2d 1464, 1467 (9th Cir.1987) (lack of prejudice undermines claim of judicial misconduct). The judge granted the full 12-month reduction proposed by the government.
 
 
 9
 Because Bacal has failed to demonstrate that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned," we hold that the judge did not abuse his discretion by failing to recuse himself.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4