979 F.2d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Harold SEMENAK, Defendant-Appellant.
 No. 91-50858.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 5, 1992.*
Decided Nov. 12, 1992.
 
 Before WALLACE, Chief Judge, and TROTT and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Harold Semenak appeals the sentence he received after he entered a plea of guilty to violating 18 U.S.C. § 1708 (1988) for knowingly possessing 305 pieces of stolen mail. He maintains the government violated the plea agreement by not recommending a two-point reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 (1991). He also argues the district court erred by not applying that two-point downward adjustment. We affirm.
 
 
 3
 * Semenak first argues the government violated the terms of the plea agreement which required the government to recommend a two-point reduction for acceptance of responsibility. We review de novo a defendant's claim the government breached a plea agreement. United States v. Fisch, 863 F.2d 690, 690 (9th Cir.1988). "Plea agreements are contractual in nature and are measured by contract law standards." United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990). Prosecutors must keep promises made in plea agreements. Santobello v. New York, 404 U.S. 257, 262 (1971). The government must comply with "the literal terms of the agreement." United States v. Garcia, 519 F.2d 1343, 1344-45 (9th Cir.1975).
 
 
 4
 The literal terms of the oral plea agreement at issue were expressed by the government when Semenak's guilty plea was entered: "In return for the defendant's plea of guilty to Count 3 in the indictment, and also his truthful statements to the court and the probation officer, the government will recommend a two-point reduction in the sentencing guidelines for acceptance of responsibility." Semenak responded that he understood that to be the terms of the plea agreement. See United States v. Travis, 735 F.2d 1129, 1132 (9th Cir.1984) (court must look to what was "reasonably understood" by the defendant when he entered his plea agreement.)
 
 
 5
 However, at the sentencing hearing on November 18, 1991, the government initially urged the court not to award a two-point reduction for acceptance of responsibility. The court drew the government's attention to the fact that the plea agreement called for the government's recommendation of just such a reduction. The Assistant United States Attorney, who was handling the case for a colleague, expressed ignorance about the existence of such an agreement. Defense counsel then refreshed the government's memory, stating that the plea agreement "says that the government will recommend it, but it's based upon the fact that [the defendant] does disclose to the Probation Department, and that's usually the way those are written." The government accepted that response: "That's usually right. We usually reserve our recommendation based on the presentence report."
 
 
 6
 Although the government was woefully ignorant of the terms of the agreement into which it had entered, it did not breach that agreement. The recommendation for the two-point reduction for acceptance of responsibility was explicitly conditioned on Semenak's giving truthful statements to the Probation Officer. The presentence report indicates that while Semenak admitted to being in possession of stolen mail, he claimed that he had been given this mail by another and was in the process of returning it when he was apprehended.
 
 
 7
 This assertion was contrary to the evidence before the court. Semenak was arrested outside an apartment complex with approximately three hundred pieces of mail from that address in his car. He was carrying a screwdriver and had a mailbox lock and two blank mailbox masterkeys in his car. A subsequent investigation revealed that all of the mailboxes in the courtyard of the apartment building had been pried open and were empty. Semenak's accomplice told the police she had accompanied him on the evening of his arrest and that she observed him enter three apartment buildings, heard loud banging noises, and watched as he returned with mail. Semenak initially told investigators he had discovered the mail while searching trash bins at local department stores. A search of Semenak's hotel room revealed several hundred other pieces of stolen mail, including a mailed credit card which Semenak had used at a local restaurant.
 
 
 8
 The evidence does not support Semenak's statements to the probation officer concerning his role in the crime. Because he did not fulfill his obligation under the plea agreement to be truthful with the probation officer, the government was relieved of its obligation to recommend the two-point reduction.
 
 II
 
 9
 Semenak also argues the district court erred in not granting him a two-point reduction under the sentencing guidelines for acceptance of responsibility, regardless of the government's recommendations. Whether the defendant has accepted responsibility for his crime is a factual determination we review for clear error. United States v. Gonzales, 897 F.2d 1018, 1019 (9th Cir.1990). "Because the sentencing judge is 'in a unique position to evaluate a defendant's acceptance of responsibility,' her determination is entitled to 'great deference.' " United States v. Martinez-Gonzales, 962 F.2d 874, 878 (9th Cir.1992) (quoting U.S.S.G. § 3E1.1, comment. (n.5)).
 
 
 10
 Section 3E1.1(a) provides that a defendant may receive a two-level reduction in his offense level if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." Among the factors to consider is the "voluntary and truthful admission of involvement in the offense and related conduct." U.S.S.G. § 3E1.1, comment n. 1. Where a district court finds that a defendant minimizes or misstates his involvement in the offense and related conduct in light of prior statements or other evidence, the sentencing judge may refuse to grant a two-level reduction for acceptance of responsibility. Martinez-Gonzales, 962 F.2d at 878.
 
 
 11
 As previously discussed, Semenak misstated and minimized his role in the offense in discussions with investigators and with the probation officer who was preparing the pre-sentence report. The evidence overwhelmingly indicated that his subsequent explanations of his possession of stolen mail were untruthful. In denying the reduction, the district court observed: "[Y]ou've made so many statements that are contradictory, to be real blunt.... All the statements you make have to correlate with one another to reflect true remorse and acceptance of responsibility. I don't really find that in your case." This determination was not clearly erroneous.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The members of the panel unanimously agree that this case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3