9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guillermo GUITRON-PEREZ, Defendant-Appellant.
 No. 93-10159.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 26, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Guillermo Guitron-Perez appeals from his sentence imposed following his guilty plea to harboring an illegal alien in violation of 8 U.S.C. § 1324(a)(1)(C). Guitron-Perez contends that the district court erred in refusing to grant him a three-level downward adjustment for acceptance of responsibility by failing to resolve factual disputes and improperly relying upon hearsay statements. Guitron-Perez also contends that the government breached his plea agreement by failing to recommend the downward adjustment. He contends that the remedy for the breach is to permit him to withdraw his guilty plea. The government concedes that it breached the plea agreement and contends that the appropriate remedy is a remand for resentencing. We have jurisdiction under 28 U.S.C. § 1291. We vacate the district court's judgment and remand for resentencing.
 
 
 3
 The usual remedy for breach of a plea agreement at sentencing is a remand for resentencing before the same judge. United States v. Fisch, 863 F.2d 690, 690 (9th Cir.1988) (per curiam); United States v. Travis, 735 F.2d 1129, 1132 (9th Cir.1984). A plea may be set aside after sentencing only to prevent manifest injustice. United States v. Ramos, 923 F.2d 1346, 1358 (9th Cir.1991).
 
 
 4
 Guitron-Perez argues that the government's breach caused a manifest injustice warranting withdrawal of his plea because a downward adjustment for acceptance of responsibility would have made him eligible for probation. He also argues that upon resentencing, the district court could be influenced by its previous decision to deny the downward adjustment.
 
 
 5
 These arguments lack merit. Guitron-Perez has not shown that the usual remedy of remand for resentencing would not cure the effects of the government's breach. See Fisch, 863 F.2d at 690. We are not convinced that Judge Price would be incapable of reweighing his decision to deny the downward adjustment in light of a favorable government recommendation. See Travis, 735 F.2d at 1132. Accordingly, we vacate the district court's judgment and remand for resentencing. We therefore need not address Guitron-Perez's remaining contentions.
 
 
 6
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3