15 F.3d 1092
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard O. KELLY, Sr., Defendant-Appellant.
 No. 93-50132.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1993.
Decided Dec. 29, 1993.
 
 Before: HUG, SCHROEDER, and BOOCHEVER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Richard O. Kelly pled guilty to three counts of mail fraud and one count of wire fraud. Before sentencing, Kelly moved to withdraw his guilty plea on the grounds that the prosecution had breached the plea agreement. His motion was denied, and he was sentenced to 117 months in prison to be followed by 5 years probation. Kelly now appeals his conviction and sentence.
 
 
 3
 * Kelly first argues that the district judge erred in denying his motion to withdraw his guilty plea because the prosecution had breached the plea agreement. Rather than looking to the government's performance, Kelly claims, the judge applied an insurmountable "compelling need" standard to his motion, based on the fact that Kelly had admitted his guilt to the court. However, the judge did not abuse his discretion in denying Kelly's motion, because the prosecutor did not breach the plea agreement.
 
 
 4
 Defendant's plea agreement provides in relevant part that the government "agrees that your payment of $2,900,000 constitutes satisfactory restitution in your case." In addition, the agreement obligates the government:
 
 
 5
 To make a statement to the Court and the Probation Office prior to your sentencing that the government regards restitution as an important matter in this case and to bring the nature and extent of your efforts to make such restitution to the attention of the Court and the Probation Office.
 
 
 6
 It is undisputed that the government complied with the letter of this agreement. Defendant argues, however, that under United States v. Fisch, 863 F.2d 690 (9th Cir.1988), the government was obligated to provide the court with the details of defendant's "restitutionary efforts" and place greater emphasis on the importance of defendant's restitution.
 
 
 7
 Defendant's arguments are without merit. After a careful review of the record in this case, we conclude that the government was, on the whole, firmly behind its recommended sentence of 12 years. This case therefore differs from Fisch, in which the prosecutor was apparently trying to convey to the court that although he was stuck with his agreement, he felt that the defendant should actually be sentenced more harshly. Here, the government made clear that although it considered the defendant's crimes and history to be reprehensible, sentencing according to the plea agreement would be appropriate in his case. Specifically, the government urged that "in consideration of Kelly's guilty pleas and ... restitution," a sentence of 12 years would be most appropriate. If the government in fact wished Kelly to be sentenced more harshly, it could have explicitly recommended a 15-year sentence consistent with the plea agreement.
 
 
 8
 Plea agreements are to be interpreted according to principles of contract law. See, e.g., Santobello v. New York, 404 U.S. 257 (1971); United States v. Fisch. The government did not breach the agreement when it "joined in" the court's proposal to require an additional amount of restitution at the sentencing hearing. The government asked only for a fine, which the plea agreement permitted it to do. In response to the court's concern that any additional money go to Kelly's victims (and not to the government), the government explained that in that case, the funds should take the form of restitution. This cannot be interpreted as a breach of the plea agreement.
 
 
 9
 Finally, Kelly complains that the government breached the plea agreement by recommending a 12-year sentence, when defendant had made the full restitution called for in the plea agreement. The plea agreement provides absolutely no support for this assertion. Rather, it expressly provides that if the defendant paid $2.9 million in restitution, the government would recommend that defendant be sentenced to probation on one of the four counts, and would otherwise be free to recommend whatever sentence it deemed appropriate.
 
 
 10
 Thus, the government did not breach the plea agreement in this case. As a result, Kelly was not entitled to withdraw his plea, and the judge did not err in so holding.
 
 II
 
 11
 Defendant also appeals his sentence in this case, arguing that the district judge applied the wrong standard of proof to the disputed information in his sentencing report, and erred in failing to grant Kelly an evidentiary hearing on the disputed material. At oral argument, defendant stressed that by both stating that it would not rely on any of the disputed information at sentencing, and nonetheless making some findings with respect to the disputed material, the district court failed to comply with the terms of Federal Rule of Criminal Procedure 32(c)(3)(D).
 
 
 12
 It does appear that the district court failed to comply strictly with the terms of Rule 32(c)(3)(D), as this court has required. See e.g., United States v. Kerr, 876 F.2d 1440 (9th Cir.1989). Although a careful review of the transcript indicates that the judge in this case made no "findings" because he was not relying on the disputed material, see Rule 32(c)(3)(D)(ii), there does not appear to be any statement appended to the presentence report explaining what was disputed and stating that the judge did not resolve those issues.[1] See United States v. Fernandez-Angulo, 897 F.2d 1514 (9th Cir.1990) (remanding so that a statement could be appended pursuant to Rule 32(c)(3)(D)).
 
 
 13
 On remand, the district court will be free either to append a Rule 32(c)(3)(D) statement, or make findings with respect to the disputed information and resentence the defendant in reliance on that information.
 
 
 14
 REVERSED IN PART AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Because he was not making or relying on any findings with respect to the disputed facts, the judge could not have applied an incorrect standard, nor was he required to grant an evidentiary hearing on the disputed facts. See Fed.R.Crim.Pro. 32(c)(3)(D). In addition, defendant's claim that the judge "must have" relied on those facts despite his assertions to the contrary is groundless. See Jones v. United States, 783 F.2d 1477, 1481 (9th Cir.1986)