15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donovan C. DAVIS, Defendant-Appellant.
 No. 91-30430.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 1, 1993.*
Decided Jan. 4, 1994.
 
 Before: WALLACE, Chief Judge, WRIGHT, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Donovan Davis appeals his conviction and sentence for attempt to manufacture methamphetamine. He contends that the court erred in several ways.
 
 
 3
 (1) The district court found that there was a plea agreement.
 
 
 4
 Davis asserts that his guilty plea was entered pursuant to a purported agreement, but that the parties failed to have a meeting of the minds. The existence of a plea agreement is a question of fact subject to review for clear error. United States v. Helmandollar, 852 F.2d 498, 501 (9th Cir.1988). A plea agreement is a contract and is measured by contract principles. See United States v. Goroza, 941 F.2d 905, 909 (9th Cir.1991). Thus, the formation of a plea agreement is measured by objective manifestations of assent to specific terms.
 
 
 5
 Davis bases his argument on what he alleges occurred shortly after the plea was entered. Davis alleges that the government's investigator indicated to him that the mandatory minimum sentence under the plea agreement was 10 years, rather than either 5 or 10 years depending on what the government was able to prove. However, the record does not show that he was confused when he entered into the agreement and entered his plea.
 
 
 6
 After the court recited the terms of the plea agreement, it asked Davis if he understood the agreement. Davis answered "Little lost." Davis then conferred with his attorney and said "I understand. I'm straight on exactly what's going on. I understand what the--the plea here would be." Based on this objective manifestation of an agreement, and Davis' indication that he understood his rights, the district court judge accepted the plea. The court did not err in finding that there was an agreement.
 
 
 7
 (2) The district court found that Davis failed to make a prima facie case showing that he was ready, willing, and able to perform under the plea agreement.
 
 
 8
 Davis argues that the district court erred in finding that he did not meet his burden of making a prima facie showing that he was ready, willing, and able to perform under the plea agreement. The district court's ruling on a breach of duty under a plea agreement is reviewed de novo. United States v. Fisch, 863 F.2d 690 (9th Cir.1988).
 
 
 9
 Davis offers no evidence that he was ready, willing, and able to testify against his coconspirator. He argues again that the government's investigator, who debriefed him after the plea was entered, confused him as to the terms of the agreement. Davis did not cooperate with the government according to the terms as he understood them.
 
 
 10
 Davis also argues that the government improperly refused to call him as a witness against his coconspirator. Thus, he argues, the government cannot claim he failed to testify. However, the government has the right to interview potential witnesses and to determine whether they will testify truthfully. The government is not obligated to call any witness it believes will testify falsely. See United States v. Goroza, 941 F.2d 905 (9th Cir.1991).
 
 
 11
 We affirm the district court's finding that Davis failed to show that he was ready, willing, and able to perform under the plea agreement.
 
 
 12
 (3) The district court refused to order the government to move for downward departure under Sec. 5k1.1.
 
 
 13
 Davis appeals the district court's refusal to order the government to make a Sec. 5k1.1 motion. The district court's refusal is based on its determination that Davis breached the plea agreement. As noted above, a district court's ruling on a breach of duty under a plea agreement is reviewed de novo. United States v. Fisch, 863 F.2d 690 (9th Cir.1988).
 
 
 14
 The district court properly found that Davis breached the plea agreement by failing to cooperate in the government's case against his coconspirator. Thus, the district court correctly refused to order the government to make a Sec. 5k1.1 motion.
 
 
 15
 (4) The district court ruled that it lacked authority to depart absent a Sec. 5k1.1 motion.
 
 
 16
 Davis also assigns error to the district court's ruling that it lacked authority to downward depart at sentencing absent a Sec. 5k1.1 motion. This is a question of law, reviewed de novo. See Anderson v. United States, 966 F.2d 487, 489 (9th Cir.1992).
 
 
 17
 Davis argues that the district court had this authority based on the government's breach. See United States v. Conner, 930 F.2d 1073, 1075 (4th Cir.1991) and Santobello v. New York, 404 U.S. 257 (1971). He claims to be entitled to specific performance of the agreement. A district court has no authority to downward depart absent a motion by the government, or a breach of a plea agreement by the government, or the government's refusal to make the motion based upon unconstitutional grounds. U.S.S.G. Sec. 5k1.1; Wade v. United States, --- U.S. ----, 112 S.Ct. 1840 (1992); Conner, 930 F.2d at 1075. The district court properly found that none of the conditions were met in this case, thus it lacked authority to act without a Sec. 5k1.1 motion.
 
 
 18
 (5) The district court denied Davis' motion to withdraw his guilty plea.
 
 
 19
 Davis also appeals the district court's denial of his motion to withdraw his guilty plea. We review for abuse of discretion. United States v. Oliveros-Orosco, 942 F.2d 644, 645-46 (9th Cir.1991). In determining whether to permit Davis to withdraw his guilty plea, the district court evaluated the totality of the circumstances.
 
 
 20
 The district court found that Davis had not been forthcoming with information about his coconspirator, and that Davis knowingly and voluntarily entered the plea. Both these findings are supported by the record. The district court found that there was no fair and just reason to permit Davis to withdraw his plea. Thus, the district court did not abuse its discretion in refusing the motion to withdraw the plea.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3