24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Howard NELSON, Sr., Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Howard NELSON, Jr., Defendant-Appellant.
 Nos. 93-30329, 93-30330.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 28, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Howard Nelson, Sr. and Howard Nelson, Jr. appeal the district court's denial of an evidentiary hearing on their motion for reduction for sentence pursuant to Fed.R.Crim.P. 35(b). Nelson, Sr. and Nelson, Jr. contend that (1) the government breached their plea agreements by failing to request an evidentiary hearing on its Rule 35(b) motion, and, in the alternative, (2) the district court erred by applying the wrong version of Rule 35(b). Nelson, Jr. contends, in addition, that the district court improperly participated in the plea agreement process. We have jurisdiction under 28 U.S.C. Sec. 1291, and we vacate and remand.
 
 
 3
 * Background
 
 
 4
 In his plea agreement with the government, Nelson, Sr. agreed to furnish the government with information in exchange for the government's filing of a pre-November 1, 1987, Rule 35(b) motion if the cooperation was substantial. The agreement further provided that "[t]he government will provide the sentencing court with defendant's cooperation to date." Nelson, Jr.'s plea agreement did not explicitly contain this provision, but the government informed the district court that this provision applied as well to Nelson, Jr.[1]
 
 
 5
 On August 27, 1992, prior to sentencing, the government explained, in camera, to the district court the extent of cooperation undertaken by Nelson, Sr. and Nelson, Jr. as of that date. The government also revealed that it would likely move for a reduction of sentence in the future. On November 12, 1992, the government filed a Rule 35(b) motion in which it explained that Nelson, Sr. and Nelson, Jr. had agreed to continue to cooperate, but the government requested that the district court not rule on the motion until after March 8, 1993, the date scheduled for a trial in which both would be testifying. On June 25, 1993, Nelson, Sr. and Nelson, Jr. moved for a hearing and ruling on the government's Rule 35(b) motion. On July 2, 1993, the government filed a response to this motion by submitting a one-sentence statement that it would "leave this matter to the discretion of th[e] Honorable court." On August 24, 1993, the district court denied Nelson, Sr.'s and Nelson, Jr.'s request for a hearing but granted the Rule 35(b) motion by reducing their sentences from ten to eight years' imprisonment.
 
 II
 Breach of Plea Agreement
 
 6
 Nelson, Sr. and Nelson, Jr. contend that the government was obligated under the terms of the plea agreement to inform the district court of the nature and extent of their cooperation and therefore breached the agreement when it failed to join in their request for a hearing on the Rule 35(b) motion.
 
 
 7
 We review de novo whether the government breached a plea agreement. United States v. Fisch, 863 F.2d 690, 690 (9th Cir.1988). Although the government need not disclose a defendant's cooperation enthusiastically, it is bound to disclose all cooperation if the plea agreement provides that it will inform the sentencing court of all cooperation with authorities. Id. Generally, a claim that a plea agreement has been breached cannot be raised for the first time on appeal. United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991). Nevertheless, we have recognized a possible exception to this rule when the record reveals that "plain error has occurred and an injustice might otherwise result." Id.
 
 
 8
 Here, the plea agreement obligated the government to inform the district court of the extent of cooperation given. By filing a simple one-sentence statement that the district court could use its discretion in its ruling on the Rule 35(b) motion and request for hearing, the government failed to fulfill its obligation to inform the district court of the extent of the cooperation undertaken by Nelson, Sr. and Nelson, Jr. subsequent to sentencing on August 22, 1992. See Fisch, 863 F.2d at 690 (prosecutor's bare statement that defendant had cooperated without supplying details of cooperation insufficient). As a result of this failure, the record does not indicate what additional cooperation took place. Nonetheless, the government's November 1992 request for a delayed ruling on the Rule 35(b) motion indicates that Nelson, Sr. and Nelson, Jr. were to provide additional cooperation by testifying at a trial. An explanation of the extent and nature of any additional cooperation should have been provided to the district court before it resentenced Nelson, Sr. and Nelson, Jr. on August 24, 1993.
 
 
 9
 Accordingly, we remand for the district court to hold an evidentiary hearing on the Rule 35(b) motion, at which the government should present complete information concerning the nature and extent of Nelson, Sr. and Nelson, Jr.'s cooperation.[2] See United States v. Herrera, 640 F.2d 958, 960 (9th Cir.1981) (where government breaches plea agreement, specific performance of terms is an appropriate remedy); see also United States v. Yesil, 991 F.2d 1527, 1532-33 (11th Cir.1992) (remand for evidentiary hearing on Rule 35 motion where district court refused to grant hearing despite plea agreement provision that government would apprise court of defendant's cooperation).
 
 
 10
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that Assistant U.S. Attorney James E. Seykora has quoted at length portions of the plea agreements in the government's brief. The plea agreements had been ordered sealed by the district court and were unsealed for the limited purpose of providing copies to defense counsel in a related matter. The district court explicitly ordered that the plea agreements were to be resealed and not distributed. We are concerned that the U.S. Attorney's Office would, not only disobey a district court order, but also place cooperating defendants in a precarious position by their careless quotation of sealed documents. By separate order, we order that the government's brief and all excerpts of record be filed under seal in this court
 
 
 [2]
 Because we vacate and remand for a hearing on the Rule 35(b) motion, we need not address the claim that the district court applied the wrong version of Rule 35(b). We note, however, that even absent the specific provision in the plea agreement, the pre-November 1, 1987 version of Rule 35(b) should have been applied because Nelson, Sr. and Nelson, Jr. committed their offenses before November 1, 1987. See United States v. Stump, 914 F.2d 170, 172 n. 1 (9th Cir.1990). Finally, as to Nelson, Jr.'s claim that the district court improperly participated in the plea bargaining process, we reject this argument as frivolous given that the discussion alluded to occurred after the plea agreement had been made and accepted by the district court. Cf. United States v. Anderson, 993 F.2d 1435, 1439 (9th Cir.1993) (participation by district court during plea negotiation process not allowed)