28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald J. DUPARD, Defendant-Appellant.
 No. 93-35754.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1994.*
Decided July 8, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald J. Dupard, a federal prisoner, appeals pro se the district court's partial grant of his second 28 U.S.C. Sec. 2255 motion to modify or vacate his 15-year sentence imposed following his guilty plea to delivery, possession, and conspiracy to distribute cocaine. Dupard contends the district court erred by: (1) refusing to allow him to withdraw his guilty plea as a remedy for the government's breach of his plea agreement; (2) refusing to consider his ineffective assistance of counsel claim on the ground that it was successive; and (3) failing to hold an evidentiary hearing on his motion. We affirm.
 
 
 3
 We review de novo the district court's denial of a section 2255 motion, but review for clear error the court's underlying factual findings. Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 499 U.S. 940 (1991). We review for abuse of discretion both the court's decision whether to hold an evidentiary hearing on the motion, Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam), cert. denied, 114 S.Ct. 1337 (1994), and the partial denial of a motion on the ground that it was successive, Campbell v. Blodgett, 997 F.2d 512, 516 (9th Cir.1992)
 
 
 4
 * Breach of Plea Agreement
 
 
 5
 "A plea agreement is contractual in nature and is measured by contractual standards. Thus, any dispute over the terms of the agreement will be determined by objective standards." United States v. Goroza, 941 F.2d 905, 909 (9th Cir.1991) (citation omitted). The appropriate remedy for the government's breach of a plea agreement is within the discretion of the court depending on the particular circumstances of each case. See United States v. Anderson, 970 F.2d 602, 608 (9th Cir.1992), amended on other grounds, 990 F.2d 1163 (9th Cir.1993) (order).
 
 
 6
 Here, in paragraph 6 of the plea agreement, the government promised to represent that Dupard received not more than $121,000 worth of cocaine from two individuals named Feist and Thompson.[1] A probation officer, however, submitted information to the Parole Commission regarding Dupard's receipt of more than $121,000 worth of cocaine from Feist and Thompson. To remedy the breach, the court ordered a new parole hearing with adherence to the specific factual stipulations in the plea agreement.
 
 
 7
 Dupard contends that he should have been allowed to withdraw his guilty plea as a remedy for the breach of the plea agreement. We disagree. The court's remedy returned the parties to the status quo by barring the Parole Commission from considering information regarding Dupard's receipt of cocaine totalling more than $121,000 from Feist and Thompson. See, e.g., United States v. Escamilla, 975 F.2d 568, 571-72 (9th Cir.1992) (defendant entitled to a new trial where government introduced defendant's confession made during failed plea negotiations at trial); United States v. Fisch, 863 F.2d 690, 690 (9th Cir.1988) (per curiam) (usual remedy for breach of plea agreement at sentencing is remand for resentencing); United States v. Travis, 735 F.2d 1129, 1132 (9th Cir.1984) (same). Because Dupard has failed to show that the usual remedy of granting a new hearing would not cure the effects of the government's breach, we conclude that the court's remedy is appropriate. See Fisch, 863 F.2d at 690-91.
 
 
 8
 In addition, we reject Dupard's contention that the plea agreement prohibited the government from submitting information to the Parole Commission which either had not been previously challenged at a Fed.R.Crim.P. 32(a) hearing or which the district court had chosen not to rely on at sentencing. Having reviewed paragraph 6 of the plea agreement, we conclude that no such limitations existed on the government.[2]
 
 II
 Ineffective Assistance of Counsel
 
 9
 Dupard also contends the district court erred by rejecting his ineffective assistance of counsel claim. We disagree.
 
 
 10
 "To be entitled to review of a successive claim, ... [Dupard] must demonstrate cause and prejudice, or establish that a denial of review would result in a fundamental miscarriage of justice." See Clark v. Lewis, 1 F.3d 814, 820 (9th Cir.1993) (order). We construe "cause" to mean "cause for bringing a petition that fails to present a new ground for relief." Campbell, 997 F.2d at 524. "In other words, a petitioner must show cause for seeking review of the same claim twice--such as the discovery of new facts, or an intervening change in the law, that warrants reexamination of the same ground for relief raised in the earlier petition." Id.
 
 
 11
 In his first section 2255 motion, Dupard raised several claims, including an allegation that he received ineffective assistance of counsel because his counsel did not challenge two search warrants as unconstitutionally overbroad. The district's court's denial of that motion was affirmed by this court.
 
 
 12
 In the instant motion, Dupard alleged that his counsel rendered ineffective assistance by misrepresenting the effect of paragraph 6 of the plea agreement. Dupard further alleged that he did not discover the misrepresentation until the district court denied his earlier section 2255 motion. Therefore, Dupard argues that he has shown cause sufficient to warrant review of the successive claim.
 
 
 13
 The district court concluded that, although Dupard arguably could show cause for failing to raise this argument in his first section 2255 motion, his failure to make a showing of actual innocence barred a review of the claim on the merits.
 
 
 14
 Dupard correctly points out, however, that he is not required to show cause and actual innocence; instead, he must show either cause and prejudice, or a fundamental miscarriage of justice.[3] See Clark, 1 F.3d at 820-21. Because Dupard does not make a colorable showing or even allege that he is actually innocent of the crime to which he pled guilty, he can not show a fundamental miscarriage of justice. See id. at 821; Campbell, 997 F.2d at 524-25.
 
 
 15
 Nevertheless, we may affirm the judgment "on any basis supported by the record even if the district court did not rely on that basis." United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992) (quotation omitted), cert. denied, 113 S.Ct. 1945 (1993). We assume without deciding that Dupard has demonstrated cause for reasserting his ineffective assistance of counsel claim.
 
 
 16
 We conclude, however, that Dupard has not demonstrated that he suffered actual prejudice from the error of which he complains. See Clark, 1 F.3d at 820-21. Dupard asserts that his counsel represented to him that paragraph 6 of the plea agreement "would prevent the Parole Commission from considering false, unreliable, or misleading information" when determining his parole date. But Dupard fails to demonstrate that the Parole Commission relied on any such information. In fact, the record before us belies Dupard's assertion. The Parole Commission held a new parole hearing pursuant to the district court's order partially granting Dupard's section 2255 motion. The record of the hearing demonstrates that the Parole Commission did not rely on the disputed information regarding Dupard's receipt of cocaine from Thompson. Instead, the Parole Commission based its decision on Dupard's own statements to confidential informants. For these reasons, the district court properly denied Dupard's ineffective assistance of counsel claim.
 
 III
 Evidentiary Hearing
 
 17
 Finally, Dupard contends that the district court erred by failing to hold an evidentiary hearing on his section 2255 motion. We disagree.
 
 
 18
 "When a defendant's allegations of an invalid plea are based on facts outside the record, an evidentiary hearing is required." Doganiere, 914 F.2d at 168. An evidentiary hearing, however, is not required to allow the petitioner to establish cause and prejudice if the court determines as a matter of law that he cannot satisfy the standard. Clark, 1 F.3d at 820.
 
 
 19
 Because Dupard's claims were not based upon facts outside the record, we conclude that the district court did not abuse its discretion by denying the motion without holding an evidentiary hearing. See Doganiere, 914 F.2d at 168.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Dupard's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The plea agreement provides in relevant part:
 
 
 [6]
 While the United States reserves the right to bring all of the defendant's criminal conduct to the attention of the Probation Office, the Court at the time of sentencing, and to the Parole Commission, the Government acknowledges that said information would include the defendant's receipt of no more than One Hundred Twenty-One Thousand Dollars ($121,000) worth of cocaine from Claudette Thompson and Robert Feist. The United States may, however, provide information regarding the defendant's receipt of additional quantities of cocaine from other individuals or organizations. In turn, the United States acknowledges that the defendant may dispute the above information or any other information contained in the presentence report or pursuant to Rule 32(c)(3)(D), Federal Rules of Criminal Procedure
 
 
 [2]
 We also reject Dupard's creative argument that, because the magistrate judge concluded that Dupard "misreads" the plea agreement, his guilty plea was not knowingly and voluntarily made
 
 
 [3]
 We note, however, that the district court's decision was based upon our prior slip opinion in Clark. Following the district court's denial of Dupard's section 2255 motion, we withdrew that opinion. See Clark, 1 F.3d at 816