47 F.3d 1177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
Henry E. SINGLETON, Defendant-Appellee.
 No. 94-10474.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 12, 1995.
Decided Feb. 16, 1995.
AFFIRMED.
 
 Before ALDISERT*, CHOY and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The United States of America ("Government") appeals the district court's denial of the Government's motion, pursuant to 28 U.S.C. Sec. 1826, for an order of civil contempt directed at Henry E. Singleton ("Singleton") for his refusal to comply with a grand jury subpoena. Having jurisdiction under 28 U.S.C. Sec. 1291, we affirm the district court's decision.
 
 
 3
 * On January 28, 1992, Singleton was indicted for various drug offenses including conspiracy to distribute heroin. During pretrial proceedings, Singleton, represented by Tony Serra, Esq., refused to consider any plea offer that included a United States Sentencing Guidelines Sec. 5K1.1 provision contemplating Singleton's assistance to the Government. The Government offered various plea agreements, including one with a fifteen-year minimum period of incarceration but without a Sec. 5K1.1 provision. Singleton rejected all Government offers, and the case proceeded to trial. All Government plea offers became void at that time.
 
 
 4
 On September 14, 1992, jury selection commenced. On the same day, the Government filed an Allegation of Prior Conviction, informing Singleton that he would face enhanced penalties of a minimum mandatory of twenty-five years if convicted. The Government contends that three days later, Singleton reinitiated negotiations for a plea agreement. Singleton counters, however, that the Government reinitiated plea negotiations by dropping its demand that any plea agreement include cooperation.
 
 
 5
 The second set of plea negotiations took place in the district court's chambers, where the presiding judge had an opportunity to listen to the discussion between the prosecutor and Mr. Serra. On the basis of that conversation, the district court found that Singleton had a firm position that he was not going to cooperate with the Government in any manner.
 
 
 6
 The negotiations resulted in a written plea agreement executed on September 17, 1992. In exchange for a plea of guilty, Singleton received certain concessions from the Government, including mandatory minimums, Sentencing Guideline calculation stipulations, dismissal of remaining counts of the indictment, and the return of Singleton's residence to his family. The plea agreement does not contain any provision regarding cooperation, and paragraph 19 of the plea agreement provides:
 
 
 7
 This agreement constitutes all the terms of the plea bargain between the government and the defendant, and the government has made no other representations to the defendant or his attorney.
 
 
 8
 Singleton contends that the plea agreement does ot explicitly mention cooperation because everyone understood that he had always refused any hint of cooperation. The district court found that the plea agreement itself contained no ambiguities whatsoever but identified the comments made by the two attorneys during plea negotiations as one source of confusion outside the plea agreement. On March 24, 1993, Singleton was sentenced to fifteen years of incarceration, and the Government returned his residence to his family.
 
 
 9
 On September 9, 1993, the Government issued a grand jury subpoena to Singleton. On September 20, 1993, Singleton moved to quash the subpoena on the ground that it violated the terms of the plea agreement, and the Government filed its opposition on October 1. On October 6, 1993, the district court conducted a hearing but did not make a decision at that time.
 
 
 10
 On November 19, 1993, after both Singleton and the Government filed supplemental letter briefs, the district court denied Singleton's motion to quash. Although Singleton's motion for reconsideration was denied on December 8, 1993, the district court signaled its agreement with Singleton's argument that the plea agreement precluded the Government from seeking grand jury testimony on matters arising out of the indictments. Subsequently, Singleton was called before the grand jury on January 11, 1994, where he refused to answer any of the Government's questions.
 
 
 11
 On July 28, 1994, the Government requested the district court to issue an order to show cause why Singleton should not be held in contempt, and Singleton filed his opposition on September 16, 1994. On September 23, 1994, the district court held oral arguments. The district court acknowledged that the plea agreement was clear on its face regarding cooperation but nevertheless concluded that Singleton believed that he would not be called before the grand jury. On September 27, 1994, the district court entered an order denying the Government's motion for contempt. The Government timely appeals.
 
 II
 
 12
 The Government contends that the district court erred in denying its motion for an order of civil contempt because the plea agreement between the Government and Singleton does not prohibit the enforcement of a federal grand jury subpoena.
 
 
 13
 We review the district court's finding of fact regarding the terms of the plea agreement under a clearly erroneous standard. United States v. Helmandollar, 852 F.2d 498, 501 (9th Cir.1988). This court "must affirm the trial court's determinations unless [this court is] left with the definite and firm conviction that a mistake has been committed." Id. at 501 (quoting United States v. McConney, 728 F.2d 1195, 1200 (9th Cir.), cert. denied, 469 U.S. 824 (1984) (quotations omitted)). The district court was required to determine "what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty." United States v. De La Fuente, 8 F.3d 1333, 1337 (9th Cir.1993). The defendant's understanding at the time of the plea controls. United States v. Anderson, 970 F.2d 602, 607 (9th Cir.1992), amended, reh'g denied, 990 F.2d 1163 (9th Cir.1993). A claim that the Government breached the terms of the plea agreement, which is a question of law, is subject to de novo review. United States v. Fisch, 863 F.2d 690, 690 (9th Cir.1988).
 
 
 14
 The plea agreement between Singleton and the Government is clear on its face and does not contain any provision indicating that the Government agreed to forego its grand jury subpoena power or that Singleton reserved some affirmative right to refuse to cooperate. Parol evidence exists, however, to suggest that Singleton agreed to the plea agreement only because he believed that the plea agreement included an affirmative right to refuse to cooperate with the Government. The Fourth Circuit, in United States v. Garcia, 956 F.2d 41 (4th Cir.1992), barred the Government from compelling testimony on the basis of parol evidence even though the plea agreement was unambiguous on its face.
 
 
 15
 In Garcia, the Government sent a letter to the defendant's counsel memorializing an oral agreement. The letter stated that, "In return for this guilty plea to Count One of the Indictment, the Government will (a) not require as part of the plea agreement that the defendant cooperate with law enforcement,...." Id. at 42. Although the plea agreement did not contain any provision stating that the defendant was not required to cooperate, the Fourth Circuit admitted the parol evidence and found that the Government could not compel testimony.
 
 
 16
 In this case, parol evidence comes not from a letter written by the Government, but from the district court's own observation of the plea negotiations. The district court made a finding of fact as to Singleton's objective belief regarding the terms of the plea agreement. On the basis of its own observations of the discussion between Mr. Serra and the prosecutor during plea negotiations, the district court concluded that Singleton's agreement to plead guilty was influenced by his understanding that he would not be required to cooperate with the Government. The district court recognized that Singleton had a firm position on his refusal to cooperate.
 
 
 17
 The district court could not remember specific statements which led to this impression, but stated that after observing the negotiations, it had a firm impression that Singleton was not going to cooperate with the Government. While such impressions are difficult to evaluate for clear error, difficulty of review does not mandate the conclusion that the impression was clearly erroneous. Furthermore, in this case, outside factors support the district court's impression that Singleton could have reasonably believed the terms of his plea agreement to include immunity from grand jury subpoenas.
 
 
 18
 Given the fact that the Sec. 5K1.1 provision was included in previous discussions where various cooperation agreements were contemplated, it is not unreasonable for Singleton to have believed that an absence of a Sec. 5K1.1 provision indicated that he would not be required to cooperate with the Government. The Government erroneously asserts that previous plea discussions should be entirely ignored when interpreting the plea agreement that was finally signed. While it is true that previous plea offers were no longer available, prior discussions had an obvious effect on Singleton's understanding of the terms of the signed plea agreement.
 
 
 19
 Singleton has testified that he understood cooperation to include revealing and testifying against coparticipants in his offenses. Singleton's understanding of "cooperation" to include compelled testimony is plausible as the Garcia court found. The Fourth Circuit in Garcia rejected the argument that "cooperation" means only voluntary cooperation and not compelled testimony and found that the term "cooperate" is ambiguous in the context of a plea agreement:
 
 
 20
 In short, there is no general rule that, as a matter of law, "cooperate" in a plea agreement means only "voluntary" cooperation. The government knows the word "voluntary," and could have avoided any ambiguity by using it....
 
 
 21
 Garcia, 956 F.2d at 45.
 
 
 22
 The Government tries to distinguish Garcia by emphasizing Garcia's lack of English fluency. The structure of the Garcia opinion, however, indicates that the Fourth Circuit first concluded that the term "cooperate" in a plea agreement does not necessarily mean only "voluntary" cooperation. The court then used the defendant's lack of English fluency as an additional support for its conclusion.
 
 
 23
 Singleton's belief regarding cooperation was further buttressed by the fact that he pled guilty in exchange for a fifteen-year sentence. In earlier plea negotiations, he was informed that he would not be allowed less than a fifteen-year sentence without an agreement to cooperate. The district court's finding of fact that Singleton reasonably understood one of the terms of the plea agreement to be that he would not have to cooperate, voluntarily or involuntarily, with the Government is not clearly erroneous.
 
 
 24
 The Government warns that acceptance of the district court's holding would result in a per se prohibition against issuing grand jury subpoenas to any defendant who declines to voluntarily cooperate with a federal criminal investigation. Such a prohibition can be avoided if the Government clearly discloses at the outset of plea negotiations that refusal to cooperate with the Government does not guarantee immunity from grand jury subpoenas. Furthermore, the Government should disclose that if the defendant refuses to answer a grand jury subpoena, he may be found in contempt and may have to serve a longer sentence than bargained for in the plea agreement. Such clarification will assist the defendant in making a more accurate decision and can lead to a stable plea agreement that reflects the understanding of both parties.
 
 
 25
 If the Government were allowed to issue the grand jury subpoena to Singleton and hold him in contempt for refusing to testify, Singleton would not get the full benefit of the bargain. There is no question that Singleton received a favorable plea agreement and that his is not a case where the Government is offering nothing in exchange for something. However, if Singleton were compelled to testify, he would be denied a benefit that was an important basis for his decision to accept the plea agreement and without which he may have gone to trial.
 
 III
 
 26
 We find that the terms of Singleton's plea agreement, as supplemented by parol evidence, restrict the Government from compelling Singleton's testimony. Therefore, Singleton cannot be held in contempt for his refusal to comply with the grand jury subpoena. We AFFIRM the district court's order denying the Government's motion for an order of civil contempt against Singleton.
 
 
 27
 AFFIRMED.
 
 
 
 *
 The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3