**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Thomas Lee MYERS, Defendant–Appellant. .**

**No. 94–30102.**

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 1994 *.

Decided Aug. 2, 1994.

---

* The panel unanimously found this case suitable for decision without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

Stephen R. Sady, Chief Deputy Fed. Public Defender, Portland, OR, for defendant-appellant.

Deborah J. Dealy–Browning, Asst. U.S. Atty., Portland, OR, for plaintiff-appellee.

Before: TANG, FERGUSON, and WIGGINS, Circuit Judges.

PER CURIAM:

On February 1, 1994, pursuant to a plea agreement, Thomas Lee Myers pleaded guilty to a single count of mail theft in violation of 18 U.S.C. § 1708. In exchange for his guilty plea the government agreed "to recommend a sentence at the low end of the applicable guideline range."

The presentence report noted that the guideline range was between six and twelve months. The report also noted that the "government will recommend a sentence at the low end of the applicable guideline range."

At the sentencing, the district court judge asked the prosecutor if she had any comments. She replied: "No, your honor. I would just direct the court's attention to paragraph eight of the presentence report that sets out the facts. This wasn't just simply a matter of driving the mail truck away, but he did injure two security guards when they were wrestling with him to restrain [him]." Myers was sentenced to twelve months. After the judge imposed the sentence, the defense counsel objected to the government's failure to recommend a sentence at the low end of the range. The following exchange then took place.

The Court: I did understand that the government was recommending the low end. Is that correct, Miss Dealy–Browning?

Ms. Dealy–Browning: That's correct. And I assumed that the court had read the PSR and the plea letter, and that's why I—

The Court: I did, and I assumed that. I do not believe, as I've indicated, that the— that the penalty should be less in light of the serious past problems, and I cannot

accept the fact that the conduct of the government really brought this about.

This exchange took place after sentencing and the horse was out of the barn. Myers now appeals his sentence arguing that the government breached the plea agreement by not recommending a sentence at the low end of the guideline range. In fact, instead of recommending a light sentence, the government exercised its right of allocution by seeking a more severe sentence.

■ This court reviews de novo whether the government violated the terms of a plea agreement. *United States v. Fisch,* 863 F.2d 690 (9th Cir.1988). We reverse and remand for resentencing.

■ "Plea agreements are contractual in nature and are measured by contract law standards. In construing an agreement, the court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty." *United States v. De La Fuente,* 8 F.3d 1333, 1337 (9th Cir.1993) (quotations and footnotes omitted). The government must be held to "the literal terms of the agreement." *United States v. Escamilla,* 975 F.2d 568, 571 (9th Cir.1992) (internal citations omitted). The bargain that the defendant agreed to was not a promise by the government to recommend, but the actual fact of recommendation.

■ Despite the terms of the plea agreement, the government made no recommendation to the court concerning Myers' sentence. It was insufficient that the court, by reading the presentence report and the plea agreement, was aware that the government had agreed to recommend a sentence at the low end of the guideline range. The harmless error rule does not apply to the law of contractual plea agreements. The government agreed to make a recommendation at the low end of the range and was required to fulfill its part of the contract. It could have easily complied with the plea agreement and gives no reason why it failed to do so. This failure violated the terms of the plea agreement.

The public also has a right to know the concessions that the government is making in its plea agreements. "Airing plea agreements in open court enhances public confidence in the administration of justice."

*Jones v. United States,* 423 F.2d 252, 255 (9th Cir.), *cert. denied,* 400 U.S. 839, 91 S.Ct. 79, 27 L.Ed.2d 73 (1970). Myers' sentence is reversed and the case remanded for resentencing.

TANG, Senior Circuit Judge, dissenting:

I respectfully dissent. I do not dissent from the proposition that plea agreements are contractual in nature and subject to strict enforcement. In this case, however, the government in fact recommended the low end of the guideline range by explicitly confirming the court's understanding that this was indeed the government's recommendation as stated in the presentence report and the defendant's sentencing memorandum. In Myers' request for reconsideration of the sentence, he stated that *both* the prosecution and defense joined in this recommendation.

The defendant's real objection is that the government's recommendation was not made with "at least some minimal advocacy." The plea agreement did not require "minimal advocacy" in the government's recommendation. In *United States v. Benchimol,* 471 U.S. 453, 455, 105 S.Ct. 2103, 2104–05, 85 L.Ed.2d 462 (1985), the Supreme Court rejected a similar attempt to imply a requirement that a prosecutor "enthusiastically" recommend a certain sentence, when the plea agreement simply required a recommendation.

I would affirm the sentence.