65 F.3d 177
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cheung Foo KAN, aka: "Seal A", Defendant-Appellant.
 No. 94-50355.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Cheung Foo Kan appeals his sentence of 120 months imposed following his guilty plea to conspiracy to distribute heroin in violation of 21 U.S.C. Secs. 841(a)(1) and 846. Kan contends that the government's refusal to move for a downward departure for his substantial assistance to authorities violated the cooperation agreement. Kan also contends that the district court erred in finding that the government had provided reasonable explanations for its refusal. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The government has "a power, not a duty, to file a [downward departure] motion when a defendant has substantially assisted" the government in its investigation or prosecution of other offenses. United States v. Wade, 504 U.S. 181, 185 (1992); see also 18 U.S.C. Sec. 3553(e) (1994) (upon government's motion, district court may depart for defendant's substantial assistance to authorities); U.S.S.G. Sec. 5K1.1 (1993) (same). The government's refusal to move for a substantial-assistance departure is not reviewable unless it "was based on impermissible motives, constituted a breach of a plea agreement, or was not rationally related to any legitimate government purpose." United States v. Treleaven, 35 F.3d 458, 461 (9th Cir.1994) (citing Wade, 504 U.S. at 185-86); see also United States v. De La Fuente, 8 F.3d 1333, 1341 (9th Cir.1993) (government's failure to fulfill its bargained promises is not a legitimate government purpose). The question whether the government has violated the terms of an agreement is subject to de novo review. See United States v. Myers, 32 F.3d 411, 413 (9th Cir.1994) (per curiam).
 
 
 4
 Kan contends that the government's refusal to move for a downward departure was in bad faith and in violation of the cooperation agreement. The cooperation agreement provided that the government reserved the sole discretion to determine, in good faith, whether Kan's assistance merited a motion for downward departure. The government acknowledged Kan's "sincere effort" to cooperate and informed the district court of the nature and extent of Kan's cooperation. The government, however, determined that Kan's cooperation was not substantial because his testimony could not be corroborated and would not be credible due to Kan's extensive criminal history, and thus his cooperation proved to be fruitless. The district court found that the government's refusal was reasonable. We agree because the government's decision not to move was based "on its rational assessment of the ... benefit that would flow from moving." Wade, 504 U.S. at 187. Accordingly, we cannot say that the government's refusal to move for a downward departure exceeded its discretion reserved in the cooperation agreement. See Myers, 32 F.3d at 413.
 
 
 5
 Kan claims that he received no benefit from the cooperation agreement. We disagree. Despite the fact that Kan had lied to the government, the government agreed to give Kan another opportunity to provide assistance to the government in exchange for a possible departure from the 10-year statutory minimum sentence. Cf. De La Fuente, 8 F.3d at 1340 (government promised nothing to defendant because no sentencing adjustments depended on any government action).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3