68 F.3d 462
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Adelmo MARTINEZ, Defendant-Appellant.
 No. 95-5087.
 United States Court of Appeals, Fourth Circuit.
 Oct. 23, 1995.
 
 Charles L. Morgan, Jr., Charlotte, North Carolina, for Appellant.
 Mark T. Calloway, United States Attorney, Kenneth D. Bell, First Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 Before WILKINS, NIEMEYER, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Adelmo Martinez pled guilty to conspiracy to possess with intent to distribute and distribution of cocaine in violation of 21 U.S.C.A. Secs. 841(a)(1), 846 (West 1981 & Supp.1994). The district court sentenced Martinez to 120 months incarceration, ordered five years of supervised release, and imposed a $50 special assessment. He now challenges his sentence. Finding no error, we affirm.
 
 I.
 
 2
 Martinez argues that the district court erred in denying his motion to withdraw his guilty plea. Withdrawal of a guilty plea is not a matter of right. United States v. Ewing, 957 F.2d 115, 119 (4th Cir.), cert. denied, 60 U.S.L.W. 3859 (U.S.1992). We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. See United States v. Lambert, 994 F.2d 1088, 1093 (4th Cir.1993). The district court's factual findings in support of its decision to deny the motion will be overturned only if they are clearly erroneous. See United States v. Suter, 755 F.2d 523, 525 (7th Cir.), cert. denied, 471 U.S. 1103 (1985).
 
 
 3
 First, Martinez claims that the district court erred in denying his motion to withdraw his plea because the Government failed to disclose fully and completely the plea agreement provisions pursuant to Fed.R.Crim.P. 11(e)(2). Rule 11(e)(2) states that"[i]f a plea agreement has been reached by the parties, the court shall, on the record, require the disclosure of the agreement in open court." Fed.R.Crim.P. 11(e)(2). Although the entire agreement was not disclosed, the significant provisions were made a part a part of the record. See United States v. Daniels, 821 F.2d 76, 79 (1st Cir.1987). Further, at the Rule 11 hearing, Martinez acknowledged that he understood the terms of the agreement, he agreed with those terms, he had a copy of the agreement, and he had signed it. Accordingly, because Martinez's substantial rights were not affected, see Fed.R.Crim.P. 11(h), we find that the district court did not abuse its discretion in denying Martinez's motion to withdraw his guilty plea on this ground.
 
 
 4
 Next, Martinez contends that the district court abused its discretion by failing to allow him to state a fair and just reason for the withdrawal of his plea in an evidentiary hearing pursuant to Fed.R.Crim.P. 32(d). Rule 32(d) governs motions to withdraw guilty pleas. Because Martinez moved to withdraw the plea before sentencing, he bears the burden to show a fair and just reason for the withdrawal. United States v. Lambey, 974 F.2d 1389, 1393 (4th Cir.1992) (in banc), cert. denied, 63 U.S.L.W. 3460 (U.S.1994); United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991). Factors relevant to establishing a fair and just reason include:
 
 
 5
 (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether [the] defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.
 
 
 6
 Moore, 931 F.2d at 248; see United States v. Craig, 985 F.2d 175, 178 (4th Cir.1993). The most important factor for the court to consider in deciding a motion to withdraw is whether Martinez entered his guilty plea knowingly and voluntarily. Moore, 931 F.2d at 248. Finally, these are balancing factors, and prejudice to the government should not be considered until the defendant has established successfully that a fair and just reason exists for withdrawing the guilty plea. United States v. Haley, 784 F.2d 1218, 1219 (4th Cir.1986).
 
 
 7
 Consideration of these factors does not weigh in Martinez's favor. First, we find that the district court's factual finding that Martinez's guilty plea was entered knowingly and voluntarily is not clearly erroneous because it was supported by Martinez's responses during the Rule 11 colloquy. Second, Martinez made no credible assertion of innocence, as evidenced by his admission that he was in fact guilty of the crime charged, and by his stipulation that a factual basis for the plea existed. Third, Martinez did not move to withdraw his guilty plea until seven weeks after he entered his plea. See Craig, 985 F.2d at 178 (finding that eight-week delay, with other factors, supported district court's denial of withdrawal motion); Moore, 931 F.2d at 248 (finding that six-week delay militated against withdrawal of plea). Fourth, although Martinez's counsel mistakenly informed Martinez that the low end of the applicable guideline range would be eighty-seven months, that wrong advice is not a basis for withdrawal of the plea because the district court made Martinez aware of the sentencing uncertainty during the plea hearing, and Martinez stated that he understood the court's advice. See Lambey, 974 F.2d at 1395. Furthermore, Martinez expressed satisfaction with his attorney.
 
 
 8
 In light of these admissions and the district court's appropriate finding that Martinez's guilty plea was made knowingly and voluntarily, we find that the district court did not exceed its discretion by denying Martinez's motion to withdraw his guilty plea without the benefit of an evidentiary hearing.
 
 II.
 
 9
 Second, Martinez argues that the Government breached the plea agreement by not recommending that he be sentenced at the low end of the applicable guideline range, which he believed was eighty-seven months. We review de novo whether the Government breached a plea agreement. United States v. Myers, 32 F.3d 411, 413 (9th Cir.1994). A plea which is induced by a promise which is not carried out is involuntary, and therefore invalid. Santobello v. New York, 404 U.S. 257, 262 (1971). Because Martinez alleged that the Government breached the plea agreement, he had the burden of proving the Government's breach by a preponderance of the evidence. See United States v. Conner, 930 F.2d 1073, 1076 (4th Cir.), cert. denied, 502 U.S. 958 (1991).
 
 
 10
 Here, the Government agreed to recommend a sentence for Martinez "at the low end of the applicable Guideline range." (J.A. Vol. I at 9) (emphasis added). Based on a total offense level of twenty-nine and a criminal history category of I, the guideline range for imprisonment is 87 to 108 months. However, a mandatory minimum ten-year term of imprisonment applies to Martinez's offense. See 21 U.S.C.A. Sec. 841(b)(1)(A) (West 1981 & Supp.1994). Where a mandatory minimum sentence required by statute exceeds the maximum guideline range, the statutorily required minimum sentence shall be the guide line sentence. United States Sentencing Commission, Guidelines Manual, Sec. 5G1.1(b) (Nov.1993); see United States v. Crittendon, 883 F.2d 326, 331 (4th Cir.1989). Therefore, because the guideline range established a ten-year minimum sentence as the applicable guideline range, and because the district court made Martinez aware of the sentencing uncertainty at his plea hearing, we find that the Government did not breach the plea agreement.
 
 III.
 
 11
 For these reasons, we affirm Martinez's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED