91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Denise PERLAZA-AMPARO, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Boris Hamed CORRALES, Defendant-Appellant.
 Nos. 95-50170, 95-50259.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 25, 1996.*
Decided June 28, 1996.
 
 Before: NOONAN, LEAVY, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these companion cases, Denise Perlaza-Amparo appeals her conviction and sentence and Boris Hamed Corrales appeals his sentence. Pursuant to plea agreements, both Perlaza-Amparo and Corrales pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 * Perlaza-Amparo
 
 
 4
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Perlaza-Amparo's counsel has filed a brief stating that he finds no meritorious issues for review. Counsel also filed a motion to withdraw as counsel of record. Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no issue for review. Accordingly, we grant counsel's motion to withdraw and affirm Perlaza-Amparo's conviction and sentence.
 
 II
 Corrales
 
 5
 The government contends that Corrales has waived his right to appeal. Corrales acknowledges the waiver of appeal provision in his plea agreement, but argues that the waiver is not enforceable because: (1) it was not knowing and voluntary, (2) the district court informed Corrales at sentencing that he had a right to appeal, and (3) the government breached the plea agreement. We review de novo the validity of a waiver of appellate rights, United States v. Buchanan, 59 F.3d 914, 916 (9th Cir.), cert. denied, 116 S.Ct. 430 (1995), and dismiss Corrales' appeal.
 
 
 6
 A defendant may waive the right to appeal his sentence, but such a waiver must be knowing and voluntary. Id. at 917. "We look to circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily." Id.
 
 
 7
 Here, Corrales signed a plea agreement containing a provision entitled "WAIVER OF APPEAL" in which both Corrales and the government agreed to waive the right to appeal any sentence within the Sentencing Guidelines. At his change of plea hearing, the following exchange occurred:
 
 
 8
 The Court: Do you feel that you understand what the agreement says?
 
 
 9
 Defendant Corrales: Yes, of course.
 
 
 10
 The Court: All right. Did you have a chance to discuss this agreement with your attorney before you signed it?
 
 
 11
 Defendant Corrales: Yes, your honor.
 
 
 12
 ....
 
 
 13
 The Court: Mr. Corrales, would you be pleading guilty today freely and voluntarily?
 
 
 14
 Defendant Corrales: Yes, I do.
 
 
 15
 At sentencing, the court initially informed Corrales that he had the right to appeal his sentence, but then immediately asked the prosecutor:
 
 
 16
 The Court: All right. Did the terms of the plea agreement in this case include any waiver of the right to appeal?
 
 
 17
 [Prosecutor]: Yes, they do, your Honor.
 
 
 18
 The Court: All right. Mr. Corrales, in connection with that, I am informed that the terms of the plea agreement included a waiver of the right to appeal so you'll have to discuss with your attorney what the meaning of that and the effect of that is upon your case here.
 
 
 19
 Given these circumstances, Corrales could not have had a reasonable expectation that he could appeal his sentence, and his waiver is valid. See id.; United States v. DeSantiago-Martinez, 38 F.3d 394, 395-96 (1994), cert. denied, 115 S.Ct. 939 (1995).
 
 
 20
 Corrales' argument that the government breached the plea agreement by failing to recommend a downward departure for acceptance of responsibility is equally unavailing.
 
 
 21
 Whether the government violated the terms of the plea agreement is reviewed de novo. United States v. Meyers, 32 F.3d 411, 413 (9th Cir.1994) (per curium). "A plea agreement is contractual in nature and is subject to contract law standards." United States v. Floyd, 1 F.3d 867, 870 (9th Cir.1993). In determining whether a plea agreement has been breached, we look to what was reasonably understood by the defendant when he entered the plea. United States v. De La Fuente, 8 F.3d 1333, 1337 (9th Cir.1993).
 
 
 22
 Here, the plea agreement stated that the government would recommend a downward departure "if [Corrales] demonstrate[d] an acceptance of responsibility for this offense by virtue of [his] conduct up to and including the time of sentencing." The government refused to recommend the departure at sentencing because Corrales repeatedly minimized his role in the offense. Corrales was caught attempting to wash twelve kilograms of cocaine down a bathtub drain and the government's investigation belied Corrales' insistence that he was not involved in the criminal conspiracy.[1] In addition, Corrales was one of the last defendants to plead guilty, and he did so approximately two weeks before trial. Given what Corrales could reasonably have understood under the circumstances, the government did not breach the plea agreement. See id.
 
 
 23
 Accordingly, the motion for counsel to withdraw is GRANTED in Perlaza-Amparo's appeal and her conviction and sentence are AFFIRMED, and Corrales' appeal is DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court accurately characterized Corrales as "fully involved" in the criminal conspiracy and described his role as "deep, not shallow."