106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary John William PAULSON, Defendant-Appellant.
 Nos. 96-30090, 96-30091.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1997.*
Decided Jan. 17, 1997.
 
 Before: ALDISERT**, PREGERSON, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Paulson appeals a 66-month sentence for unarmed bank robbery. He contends that the government breached its promise under the plea agreement to recommend the low end of the 57- to 71-month Sentencing Guidelines range. We affirm.
 
 FACTS
 
 3
 Gary John William Paulson confessed to committing five bank robberies in Washington and Oregon in the summer of 1995. On November 21, 1995, Paulson entered a guilty plea for three of those robberies. In return for Paulson's guilty plea on those three counts, the government agreed not to charge Paulson for the other two robberies to which he had confessed, or for a sixth robbery which he was also suspected of committing.
 
 
 4
 The government also promised that "[t]he United States will recommend a three-level reduction for early acceptance of responsibility and a sentence at the low end of the guideline range." Taking into account Paulson's conduct, early acceptance of responsibility, and criminal history (including a prior conviction for a 1990 bank robbery), the presentence report calculated that the relevant Sentencing Guidelines range was 57 to 71 months on each count. The low end which the government agreed to recommend was therefore 57 months.
 
 
 5
 Paulson's sentencing hearing took place on February 20, 1996. At the hearing, Paulson sought a downward departure to 48 months. Paulson's counsel presented a number of reasons for departure, including Paulson's depression, nonviolent nature, and difficult childhood. Defense counsel also cited Paulson's strength of character, as shown by his ready admission of guilt in the 1995 robberies and the 1990 conviction.
 
 
 6
 In response, the prosecutor first stated that the victim tellers were present at the hearing "because they wanted to see how the sentencing process worked and what was going to happen with Mr. Paulson." The prosecutor then argued that downward departure was unwarranted because Paulson had been motivated by selfish reasons to turn himself in for the 1990 robbery, and had been on supervised release for that prior conviction at the time of the immediate offenses. The prosecutor concluded: "[W]e just don't think that a downward departure is appropriate in this case. Our recommendation is that he receive 57 months in prison...."
 
 
 7
 Paulson's counsel immediately objected to the prosecutor's remarks as a breach of the plea agreement, saying: "The Government represented the low end of the sentence. The speech he just gave is virtually asking the court to circumvent that and not give the low-end sentence." The district court overruled the objection. The court then adopted the presentence report's finding of a 57- to 71-month range; rejected Paulson's request for a downward departure to 48 months; rejected the government's low-end recommendation of 57 months; and sentenced Paulson to concurrent 66-month sentences on each of the three counts of bank robbery.
 
 STANDARD OF REVIEW
 
 8
 We review de novo the question whether the government has breached a plea agreement. United States v. Myers, 32 F.3d 411, 413 (9th Cir.1994) (per curiam).
 
 DISCUSSION
 
 9
 "The Supreme Court and this court have unequivocally held that prosecuting attorneys must keep promises made in plea agreements." United States v. Fisch, 863 F.2d 690, 690 (9th Cir.1988) (per curiam). In the present case, Paulson contends that the prosecutor breached the government's promise to recommend a low-end sentence by emphasizing the victims' presence at the hearing and disparaging Paulson before making the recommendation.
 
 
 10
 Paulson primarily relies on Myers, 32 F.3d at 413, for the proposition that the timing of the prosecutor's recommendation caused a breach of the plea agreement. In Myers, this court indicated that a recommendation made after sentencing would be too late. Id. at 413 ("This exchange took place after sentencing and the horse was out of the barn."). In Paulson's case, the prosecutor in fact delivered the government's recommendation prior to sentencing. Paulson argues, however, that the recommendation was still untimely because the prosecutor's initial statements regarding the victims' presence and the extent of Paulson's misconduct "implicitly signaled to the court that the government's recommendation that was to follow was not to be taken seriously."
 
 
 11
 Paulson's argument that the delayed timing of the prosecutor's low-end recommendation could have weakened its effect is plausible. But the prosecutor's preceding comments were made in response to Paulson's request for a downward departure. Paulson does not point to any evidence that the government agreed not to oppose a request for downward departure, nor that the government agreed to make its recommendation at any particular time.
 
 
 12
 Moreover, Paulson's reliance on Myers for the proposition that this delay caused a breach of the plea agreement is weak. Myers involved a situation in which the prosecutor did not refer to the agreed-upon sentencing recommendation until after the sentence had been imposed, and even then failed to state the recommendation affirmatively. 32 F.3d at 412-13. The instant case is readily distinguishable, as the prosecutor here affirmatively recommended a low-end sentence of 57 months, and did so prior to the sentencing decision.
 
 CONCLUSION
 
 13
 Paulson does not point to any evidence that the government agreed not to oppose a request for downward departure, nor that the government agreed to make its recommendation at any particular time. Therefore, we affirm the district court's finding that the government satisfied its obligations under the plea agreement.
 
 
 14
 The sentence of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Rugerro J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3