**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John CAMMARATA, Defendant–**
**Appellant.**

**United States of America,**
**Plaintiff–Appellee,**

v.

**John Cammarata, Defendant–Appellant**

Nos. 02–10085, 02–10086.
D.C. Nos. CR–00–00350–RLH,
CR–01–00215–RLH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2002.

Decided Nov. 26, 2002.

---

Before STAPLETON,\*
O'SCANNLAIN, and FERNANDEZ,
Circuit Judges.

### MEMORANDUM \*\*

John J. Cammarata appeals his sentence for possession of counterfeit securities and bank fraud. *See* 18 U.S.C. §§ 513(a), 1344, 2. We affirm.

■ (1) Cammarata first asserts that the government breached its plea agreement with him when it failed and refused to make a motion for departure pursuant to United States Sentencing Guideline § 5K1.1. We disagree. Generally speaking, the mere fact that a defendant has rendered substantial assistance does not afford a basis for requiring the government to make a departure motion. *See Wade v. United States*, 504 U.S. 181, 185–86, 112 S.Ct. 1840, 1843–44, 118 L.Ed.2d 524 (1992). Of course, if the refusal is for

an unconstitutional reason or is not "rationally related to any legitimate Government end," relief is possible. *Id.* at 186, 112 S.Ct. at 1844. A wholly arbitrary refusal by the government falls within those exceptions. *See United States v. Quach*, 302 F.3d 1096, 1102–03 (9th Cir. 2002); *United States v. Burrows*, 36 F.3d 875, 883–84 (9th Cir.1994). In light of Cammarata's picaresque behavior, we are unable to say that the government's refusal in this case falls under those exceptions. Nor can we say that Cammarata was improperly misled when he entered his plea. Before he did that, he was well aware of the fact that his behavior might, indeed, impact the hoped for 5K1.1 recommendation. *Cf. United States v. De la Fuente*, 8 F.3d 1333, 1340 (9th Cir.1993) (stating that the defendant could not have understood that he could get nothing for his cooperation). Some impacts are deadly; this one was.

■ (2) The government's failure to abide by its agreement to inform the district court "of any assistance provided by the defendant" is more problematic.[1] But that could have been easily remedied had Cammarata brought the issue to the district court's attention. We do not, generally, consider claims of breach for the first time on appeal, and we are not inclined to deviate from that rule here. *See United States v. Flores–Payon*, 942 F.2d 556, 558–60 (9th Cir.1991); *cf. United States v. Myers*, 32 F.3d 411, 413 (9th Cir.1994) (where breach of plea issue preserved, we do not apply harmless error review). Were we to do so, we would review for plain error. *See, e.g., United States v.*

---

\* The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We do agree that the government should have been more assiduous in fulfilling its duties.

*Buckland,* 289 F.3d 558, 563, 568–72 (9th Cir.2002). On this record, despite the plainness of the error, we are unable to say that Cammarata's substantial rights were affected or that the sentence which resulted seriously affected the " 'fairness, integrity, or public reputation of judicial proceedings.' " *Id.* at 572 (citation omitted).

AFFIRMED.