**UNITED STATES of America,**
**Plaintiff—Appellee,**

**v.**

**Juan Jose ALCALA–VELASQUEZ,**
**Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

**v.**

**Alfonso Alcala–Velasquez, Defendant—**
**Appellant.**

**Nos. 04–30318, 04–30319.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 10, 2005.

Robert A. Ellis, Esq., USYA—Office of the U.S. Attorney, Yakima, WA, for Plaintiff—Appellee.

Terence M. Ryan, Esq., Spokane, WA, for Defendant—Appellant.

Before: NOONAN, T.G. NELSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

Alfonso Alcala–Velasquez and Juan Jose Alcala–Velasquez ("Appellants") challenge their sentences of 120 months imposed following their convictions for conspiring to distribute controlled substances in violation of 21 U.S.C. § 846. We have jurisdiction pursuant to 18 U.S.C. § 3742. We affirm Appellants' sentences and dismiss Juan Alcala–Velasquez's claim that the government breached the plea agreement as moot.

** This disposition is not appropriate for publication and may not be cited to or by the

■ The district court's factual determination that Defendants did not meet the requirements for the "safety valve" provision of the Mandatory Minimum Sentencing Reform Act, 18 U.S.C. § 3553(f), because they did not "truthfully provide[ ] to the Government all information and evidence [they had] concerning" the conspiracy, is not clearly erroneous. 18 U.S.C. § 3553(f)(5). See United States v. Shrestha, 86 F.3d 935, 938 (9th Cir.1996). Defendants did not demonstrate by a preponderance of the evidence that they provided the true identity of the individual who supplied them with drugs. See id. at 940. Their statements that their supplier was a man named Juan Delacruz in Wenatchee, whom they could not contact, were contradicted by evidence that their supplier was in fact someone they could easily contact who lived in a different city. Because the district court did not clearly err in determining that defendants did not meet the requirements for the "safety valve" because they did not "tell all [they] can tell," Id. at 939, we affirm.

Juan Alcala–Velasquez also argues that the district court abused its discretion by not considering the lesser sentence given to a co-defendant. The record demonstrates this argument is without merit. The district court both considered and explained why Juan Alcala–Velasquez's co-defendant received a lesser sentence: She was only minimally involved in the conspiracy and the government conceded that she met the requirements for the safety valve reduction.

■ Lastly, Juan Alcala–Velasquez argues that the Government breached its plea agreement. We agree. Such error is not harmless, United States v. Myers, 32 F.3d 411, 413 (9th Cir.1994), and ordinarily

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

requires us to vacate the sentence and remand for resentencing to a different judge. *See United States v. Johnson,* 187 F.3d 1129, 1136 (9th Cir.1999). However, because the district court sentenced Juan Alcala–Velasquez to the statutory mandatory minimum, which is the sentence that must be imposed if we were to remand, we conclude that this claim is moot. *See Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (explaining that an issue is moot when the injury complained of cannot be "redressed by a favorable judicial decision"). Accordingly, we dismiss this claim.

AFFIRMED IN PART; DISMISSED IN PART.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.