**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jonathan Arthur KROENKE,**
**Defendant–Appellant.**

No. 06–30337.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.[*]

Filed Aug. 6, 2008.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**438**

Paulette L. Stewart, Esq., USHE–Office of the U.S. Attorney, Helena, MT, for Plaintiff–Appellee.

Jonathan Arthur Kroenke, Jefferson County Jail, Boulder, MT, Mark D. Meyer, Esq., Ugrin Alexander Zadick & Higgins, PC, Great Falls, MT, for Defendant–Appellant.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Jonathan Arthur Kroenke appeals from the 16–month sentence imposed following his guilty-plea conviction for possession of stolen firearms, in violation of 18 U.S.C. § 922(j). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate the sentence and remand for resentencing.

█ Kroenke contends that the sentence must be vacated because the Government breached the plea agreement. The Government breached the plea agreement when it failed to recommend a sentence at the low end of the Guidelines range and instead made arguments to the district court concerning Kroenke's criminal history. *See United States v. Myers*, 32 F.3d 411, 413 (9th Cir.1994). However, from an independent review of the record, we conclude that the breach did not affect Kroenke's substantial rights because the district court exercised independent judgment in imposing the sentence. Therefore, there was no plain error requiring reversal. *See United States v. Olano*, 507 U.S. 725, 734–35, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). In the future, we expect the Government to honor its agreements.

█ Kroenke also contends that it was plain error for the district court to impose certain special conditions of supervised release concerning substance abuse treatment and alcohol. We agree. The Government argues that the conditions are permissible because Kroenke has a history of mental health problems and treatment. However, Kroenke is not challenging the requirement of mental health treatment, and special conditions regarding mental health treatment are distinct from special conditions regarding substance abuse treatment. *Compare* U.S.S.G. § 5D1.3(d)(4) *with* U.S.S.G. § 5D1.3(d)(5); *see also United States v. Napier*, 463 F.3d 1040, 1044–45 (9th Cir.2006) (permitting mental health treatment condition, but prohibiting drug treatment condition). Although the district court was free to impose a special condition requiring mental health treatment, it abused its discretion by requiring Kroenke to participate in, complete, and pay for substance abuse treatment, and it abused its discretion by prohibiting him from ingesting alcohol and from entering establishments where alcohol is sold on a retail basis for consumption

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

on the premises. There is no basis in the record for such conditions and these conditions involve a greater deprivation of liberty than is reasonably necessary for the purposes of deterrence, public protection, and rehabilitation. *See* 18 U.S.C. § 3583(d); *United States v. Abbouchi*, 502 F.3d 850, 858 (9th Cir.2007); *Napier*, 463 F.3d at 1044–45. This error rises to the level of plain error. *See Abbouchi*, 502 F.3d at 858.

**VACATED AND REMANDED.**