**NOT FOR PUBLICATION**

NOV 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50240 |
| Plaintiff - Appellee, | D.C. No. 8:10-cr-00155-CJC-1 |
| v. | |
| RICHARD H. NICKLES, AKA Richard H. Nickels, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted November 6, 2013[**]
Pasadena, California

Before: FISHER and CLIFTON, Circuit Judges, and SINGLETON, Senior District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable James K. Singleton, Senior District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

Defendant Richard Nickles pled guilty to one count of mail fraud and one count of securities fraud and was sentenced to 144 months' imprisonment. On appeal, he raises a number of challenges to his sentence. The government argues that this appeal is barred by Nickles's waiver of his right to appeal. We dismiss the appeal.

We review whether a defendant has waived his right to appeal de novo. *See United States v. Schuman*, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam).

To determine whether the district court's statements during the sentencing hearing regarding Nickles's right to appeal his sentence render the waiver unenforceable, we focus on "both the court's statement[s] and the defendant's reasonable expectations about his rights." *United States v. Arias-Espinosa*, 704 F.3d 616, 618 (9th Cir. 2012). Although the court advised Nickles that he had a right to challenge his sentence on appeal, the government immediately objected on the basis of the plea agreement's appellate waiver, leading the court to qualify its advice. As a result, the sum of the court's statements advising Nickles of a right to appeal his sentence was neither unambiguous nor without qualification. *See id.* at 619; *United States v. Watson*, 582 F.3d 974, 987–88 (9th Cir. 2009). In addition, the government's objection itself put Nickles on notice that the government intended to enforce the waiver notwithstanding the court's statements regarding his

right to appeal, defeating any reasonable expectations of appealing his sentence that he may otherwise have had. *See Schuman*, 127 F.3d at 817; *United States v. Buchanan*, 59 F.3d 914, 918 (9th Cir. 1995).

Nickles's argument that the government's alleged breach of the plea agreement renders the appellate waiver unenforceable is without merit. The literal terms of the plea agreement required the government to recommend a sentence no higher than the low end of the applicable Sentencing Guidelines range. *See United States v. Myers*, 32 F.3d 411, 413 (9th Cir. 1994) (per curiam). The government satisfied this obligation by recommending a low-end sentence in its three written sentencing submissions and explicitly referring to and abiding by these written submissions at the sentencing hearing. *Myers* is distinguishable because in that case the government failed to make any recommendation at all until after the defendant had already been sentenced. *Id.* We also reject Nickles's argument that the government must utter the words "low end" in making a recommendation at the sentencing hearing.

**DISMISSED.**