**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> EDDY REYES, <br><br> Defendant - Appellant. | No. 24-7053 <br><br> D.C. No. <br> 8:21-cr-00075-JLS-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted December 3, 2025[**]
Pasadena, California

Before: CALLAHAN and KOH, Circuit Judges, and BARKER, District Judge.[***]

Defendant Eddy Reyes ("Reyes") pleaded guilty to kidnapping resulting in

death under 18 U.S.C. § 1201(a)(1), which carries a statutory mandatory minimum

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable J. Campbell Barker, United States District Judge for the Eastern District of Texas, sitting by designation.

sentence of life imprisonment. Consistent with the plea agreement, the government argued at Reyes's sentencing hearing for a confinement term of thirty years. Yet, the district court sentenced Reyes to forty years. Reyes appeals, arguing that the government breached the plea agreement and requesting that we vacate his sentence and remand for sentencing before a different judge.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "Generally, we review a defendant's claim that the government has breached its plea agreement de novo." *United States v. Farias-Contreras*, 104 F.4th 22, 27 (9th Cir. 2024) (citing *United States v. Mondragon*, 228 F.3d 978, 980 (9th Cir. 2000)). But because Reyes "failed to raise his objection at sentencing, we review here for plain error." *Id.* (citing *United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012)). "Relief for plain error is available if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id.* at 27–28 (quoting *United States v. Minasyan*, 4 F.4th 770, 778 (9th Cir. 2021)).

"Plea agreements are essentially contracts between the government and a defendant" and therefore "are governed by principles of contract." *Id.* at 28 (citing *United States v. Myers*, 32 F.3d 411, 413 (9th Cir. 1994)). "We hold the government to 'the literal terms of the agreement.'" *Id.* (quoting *Myers*, 32 F.3d at 413). The government can breach a plea agreement "explicitly or implicitly."

*United States v. Heredia*, 768 F.3d 1220, 1231 (9th Cir. 2014) (citing *Whitney*, 673 F.3d at 971).

Reyes contends that during his sentencing hearing, the government explicitly breached its promise to recommend a thirty-year sentence when the prosecutor stated: "I know the [victim's] family who are going to speak to you want life [imprisonment] and I'm in no position to argue against that." Reyes, however, takes this sentence out of context. The prosecutor made this statement just before the victim's family addressed the court. Knowing the family would advocate for a sentence of life imprisonment, the prosecutor commented that he was not going to argue with the family but that he believed the court should impose a thirty-year sentence.

This statement was also bookended by the prosecutor emphasizing numerous reasons he supported the thirty-year sentence, including: the value of Reyes's confession, the litigation risks the government would face at a trial, the fact that there was no body, the reasonableness of the sentence based on the prosecutor's experience with murder cases, the age of the case, and the fact the District Attorney had previously had the case "for five years before turning it down." The prosecutor emphasized that he was "the one" who had "arrived at that [thirty-year] number" and explained, "I did my best to think what a good resolution would be"

and the thirty-year sentence "is it." In addition, the government had submitted a written sentencing brief recommending a sentence of thirty years.

When assessed in the proper context, the government's statements do not reflect a failure to maintain a "united front" with Reyes in recommending a thirty-year sentence. *See Heredia*, 768 F.3d at 1231 (quoting *United States v. Camarillo-Tello*, 236 F.3d 1024, 1028 (9th Cir. 2001)). We reject Reyes's contention that the government breached the plea agreement and affirm Reyes's sentence.

**AFFIRMED.**

24-7053